IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARLIN ANDRE JAMES,              ) | |
|             Plaintiff,              ) | |
| v.                                                  ) | No. 3:10-CV-1661-0-BF |
| MICHELLE PRATT, ET AL.,             ) | |
|             Defendants.          ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Parties

Plaintiff filed this complaint arguing Defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Nurse Michelle Pratt, Corporal Blackwell, Lieutenant Charles Statham, Sergeant Carmen Cantu, and Chief Deputy Mike Cox. .

### II. Background

On August 24, 2010, Plaintiff filed this § 1983 complaint. Plaintiff claims Defendants violated his civil rights when Defendant Pratt showed Plaintiff's medical chart to Defendant Blackwell, who is not a member of the medical profession. Plaintiff also claims Defendants Statham, Cantu, and Cox violated his rights by conspiring against Plaintiff, looking at Plaintiff's confidential medical record and based on the medical record, denying Plaintiff access to the

**Findings and Conclusions of the**
**United States Magistrate Judge**           Page -1-

prison common room. Plaintiff seeks money damages.

### III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### IV. Discussion

Plaintiff has failed to show that the Defendants' conduct in viewing Plaintiff's medical chart and taking preventative measures to protect the health of other inmates violated a clearly-

established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Furthermore, it has been established that prisoners do not "have a clearly recognized constitutional right in the privacy of their medical records." *Wingo v. Warnock*, 2010 WL 742441, at *2 n. 3 (N.D. Tex. 2010). Although Plaintiff asserts that his medical records are protected under the Health Insurance Portability and Accountability Act of 1996 (HIPPA), Pub.L. No. 104-191, §§ 261-264, 110 Stat. 1936 (1996), HIPPA does not provide an express or implied private cause of action. *See Acars v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006). Therefore, Plaintiff's complaint lacks an arguable basis in law and should be dismissed as frivolous.

## **RECOMMENDATION**

The Court recommends that Plaintiff's § 1983 claim against Defendants be dismissed with prejudice as frivolous.

Signed this 8th day of November, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).